UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS A. MYERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:25-cv-02110-TWP-KMB |
| DELAWARE COUNTY PROSECUTORS OFFICE, ERIC HOFFMAN Delaware County Prosecutor (In his individual and official capacity), LEXI STAROST Delaware County Prosecutor (In her individual and official capacity), ERIC E. OVERPECK Delaware County Prosecutor (In her individual and official capacity), | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, SCREENING COMPLAINT, DISMISSING ACTION, DIRECTING ENTRY OF FINAL JUDGMENT, AND DENYING MOTIONS FOR EXTENSION OF TIME**

This matter is before the Court on *pro se* Plaintiff Thomas A. Myers' ("Myers") Request to Proceed in District Court Without Prepaying the Full Filing Fee (Dkt. 7) and Motions for Extension of Time to Issue Summons (Dkts. 8, 9, 10). Because Myers is allowed to proceed *in forma pauperis*, this action is also subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons discussed below, the Court **grants** Myers' request to proceed *in forma pauperis*, screens his Complaint, **dismisses this action and directs the entry of final judgment**, and **denies** Myers' Motions for Extension of Time as moot.

I.   DISCUSSION

A.   Filing Fee

Myers' motion for leave to proceed *in forma pauperis* without prepaying fees or costs (Dkt. 7) is **granted**. While *in forma pauperis* status allows a plaintiff to proceed without *pre*-payment of

the filing fee, the plaintiff remains liable for the full fees. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (*in forma pauperis* litigants remain liable for the filing fee; "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees"). The Court does not have the authority to waive the filing fee, and it remains due despite Myers' *in forma pauperis* status. *Fiorito v. Samuels*, No. 16-1064, 2016 WL 3636968, at *2 (C.D. Ill. June 30, 2016) ("[c]ourt does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 14-cv-53, 2015 WL 4773135, at *5 (E.D. Wis. Aug. 12, 2015) (same). The filing fee for *in forma pauperis* litigants is $350.00. No payment is due currently; however, the $350.00 balance remains owing.

**B.**     **Screening**

The Seventh Circuit has explained,

> [D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 608. The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B).

*Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphases in original).

C.  **Myers' Complaint**

This is Myers' second lawsuit against Delaware County prosecutors *See Myers v. Delaware County Prosecutors, Delaware County Sheriffs, Muncie City Police*, No. 1:24-cv-1342-TWP-MG (S.D. Ind.). The Court dismissed the first lawsuit without prejudice because, among other reasons, county prosecutors are not suable under 42 U.S.C. § 1983, and Myers' claims were barred by the *Rooker-Feldman* doctrine, the applicable statute of limitations, and the doctrine of prosecutorial immunity. Myers subsequently initiated this new action against the Delaware County Prosecutor's Office, Delaware County Prosecutor Eric Hoffman ("Hoffman"), and deputy prosecutors Lexi Starost ("Starost") and Eric Overpeck ("Overpeck") (collectively, "Defendants") (Dkt. 1).

In this case, like his first one, Myers alleges that Defendants, along with other prosecutors, law enforcement officers, and judges, colluded to violate his civil rights. *Id.* at 2–3. On June 2, 2017, Myers was arrested and charged with misdemeanor offenses in Muncie City Court. *Indiana v. Myers*, No. 18H01-1706-CM-001430 (Muncie City Ct. June 21, 2017). Myers alleges that the next day, Hoffman and his deputy prosecutors began their collusion to violate Myers' rights (Dkt. 1 at 3), and that Myers' "false arrest" is part of an unlawful practice and policy by Muncie and Delaware County officials and Delaware County judges. *Id.* at 3–4.

Myers' 2017 criminal case was then transferred from Muncie City Court to Delaware Circuit Court (the "2017 Criminal Case"). *Indiana v. Myers*, No. 18C04-1709-CM-000129 (Del. Cir. Ct. Sept. 22, 2017). Delaware Circuit Judge John M. Feick ("Judge Feick") presided over the 2017 Criminal Case. The 2017 Criminal Case was voluntarily dismissed in August 2018. *Id.* at 5.

3

Shortly after the dismissal, Myers was "falsely accused of theft of a taxi cab, battery, and refusing to pay a cab fare for individuals he did not know." *Id.* Myers was again arrested and taken to Delaware County Jail, where he was severely injured, given no medical care, and charged for bail despite not being charged with any crime.

Myers subsequently filed two civil lawsuits against Muncie and Delaware County law enforcement officers. *Myers v. Skinner*, No. 1:19-cv-221-JPH-DLP (S.D. Ind. Jan. 22, 2019); *Myers v. Henderson*, No. 1:20-cv-2044-JPH-MPB (S.D. Ind. Aug. 4, 2020). Myers believes that he was retaliated against for filing these civil lawsuits (Dkt. 1 at 5).

In February 2019, Myers was arrested in Delaware County, attacked by a police dog, and "set up by Muncie City Police" resulting in more criminal charges (the "2019 Criminal Case"). *Indiana v. Myers*, No. 18C04-1902-F6-000131 (Delaware Cir. Ct. Feb. 7, 2019). Judge Feick presided over the 2019 Criminal Case as well. That case was voluntarily dismissed in December 2020 (Dkt. at 5–6).

Although Judge Feick is not named as a defendant in this action, the Complaint primarily alleges ways in which Judge Feick violated Myers' rights throughout the 2017 and 2019 Criminal Cases. And Myers generally alleges that Hoffman was "responsible for the policies used to educate his officers as to the applicable laws," and the Defendants "were employed as Delaware County Court Officers and participated in the deprivation of Mr. Myers' rights under federal law." *Id.* at 6.

Myers also asserts claims under 42 U.S.C. § 1983 ("Section 1983"), the Americans with Disabilities Act, the Rehabilitation Act, and Indiana state law. *Id.* at 9–15. He asks the Court to issue a judgment declaring that his arrests and prosecutions in the 2017 and 2019 Criminal Cases were unconstitutional, award him compensatory and punitive damages, and enter an injunction barring Delaware County and Muncie officials from detaining or interfering with Myers and

requiring those officials to develop "a comprehensive and effective policy" to protect disabled individuals and the public from false arrest and malicious prosecution. *Id.* at 15–16.

D.      **Dismissal of the Complaint**

Based on the allegations in the Complaint, this Court does not have jurisdiction to adjudicate Myers' claims. "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Myers' claims are subject to dismissal for four reasons, all of which were explained in the screening entry in Myers' first lawsuit. *See* Entry (Dkt. 8 at 5–6), *Myers*, No. 1:24-cv-1342-TWP-MG (S.D. Ind. Oct. 15, 2024). First, the Delaware County Prosecutor's Office and its prosecutors cannot be held liable under Section 1983. Liability under Section 1983 is "limited to local government units which are not considered part of the State for Eleventh Amendment purposes." *Monell v. Dep't of Socs. Servs.*, 436 U.S. 658, 690 n.54 (1978). "County prosecutors' offices are . . . state agencies" for purposes of Section 1983, so the Delaware County Prosecutor's Office cannot be held liable under Section 1983. *Patton v. Indiana Univ. Bd. of Trustees*, No. 1:20-CV-00699-TWP-MJD, 2022 WL 3716522, at *6 (S.D. Ind. Aug. 29, 2022). *See also Hendricks v. New Albany Police Dep't*, No. 4:08-cv-0180-TWP-WGH, 2010 WL 4025633, at *3, *6 n.1 (S.D. Ind. Oct. 13,

2010) (stating that a prosecutor's office "is an arm of the state" and noting that a *Monell* claim against a county prosecutor's office is not viable).

Second, Myers' claims against the individual Delaware County prosecutors are barred by prosecutorial immunity. "Prosecutors are protected by robust immunity from federal tort liability, whether common law or constitutional, . . . for acts they commit within the scope of their employment as prosecutors." *Katz-Crank v. Haskett*, 843 F.3d 641, 647 (7th Cir. 2016) (internal citation and quotation marks omitted).

Third, to the extent Myers' claims challenge or seek to set aside prior state court decisions, those claims are barred by the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising jurisdiction over claims seeking review of state court judgments or over claims "inextricably intertwined" with state court determinations. *See, e.g.*, *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). "The *Rooker-Feldman* doctrine precludes federal jurisdiction over these claims because, no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). Myers requests a judgment declaring that the 2017 and 2019 Criminal Cases were unconstitutional. Myers' claims therefore challenge state court orders, which the Court lacks jurisdiction to hear.

Fourth, Myers' claims are barred by the applicable statutes of limitations. Under Indiana law, the statute of limitations for claims under Section 1983, the ADA, and the Rehabilitation Act are all two years. *See Logan v. Wilkins*, 644 F.3d 577, 581 (7th Cir. 2011); *Commercial Credit Corp. v. Ensley*, 264 N.E.2d 80, 85 (Ind. Ct. App. 1970); *Strominger v. Ind. Dep't of Corrections*, No. 13-cv-291, 2014 WL 2452967, at *2 (S.D. Ind. June 2, 2014); Ind. Code § 34-11-2-4. The

2017 and 2019 Criminal Cases, which form the basis of Myers' claims, were decided well over two years before he initiated this action. Myers' claims are therefore time-barred.

Moreover, although Myers' state law claims might not all be barred for the above reasons, without a viable federal claim establishing federal question jurisdiction under 28 U.S.C. § 1331, this Court cannot exercise supplemental jurisdiction over Myers' state law claims. However, nothing in this order prevents Myers from pursuing his state law claims in state court.

**E.     Dismissal of Action**

The Court "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Generally, 'a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend [his] complaint before the entire action is dismissed.'" *O'Boyle v. Real Time Resolutions*, 910 F.3d 338, 347 (7th Cir. 2018) (quoting *Runnion v. Girl Scouts of Greater Chi.*, 786 F.3d 510, 519 (7th Cir. 2015)). However, the Court need not grant leave to amend if "'it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted.'" *Id.* at 347 (quoting *Barry Aviation v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). "An amendment is futile if the amended complaint would not survive a motion for summary judgment." *King ex rel. King v. E. St. Louis Sch. Dist. 189*, 496 F.3d 812, 819 (7th Cir. 2007).

Although Myers has not had an opportunity to amend his Complaint in this action, this is his second lawsuit against Delaware County prosecutors based on the same alleged conduct. The screening entry in Myers' earlier lawsuit provided a thorough explanation of why Myers' claims against the Prosecutor's Office and individual prosecutors cannot succeed. *See* Entry (Dkt. 8 at 5–6), *Myers*, No. 1:24-cv-1342-TWP-MG (S.D. Ind. Oct. 15, 2024). It is clear that Myers carefully reviewed that screening entry and amended his claims to cure some of the deficiencies identified by the Court, and the Court appreciates Myers' time and attention. But despite Myers' dedicated

efforts, his claims against the Delaware County Prosecutor's Office and individual prosecutors remain unviable under Section 1983 and remain barred by the *Rooker-Feldman* doctrine, prosecutorial immunity, and the applicable statutes of limitations.

Because Defendants are not suable under Section 1983, and because the *Rooker-Feldman* doctrine, prosecutorial immunity, and statute of limitations bar Myers' claims, this lawsuit is dismissed as legally frivolous. *See Atkins v. Gilbert*, 52 F.4th 359, 362 (7th Cir. 2022) (frivolous claim is one foreclosed by established precedent). The Seventh Circuit has explained that this label is not intended to impugn a plaintiff's character but recognizes that the claims at issue cannot proceed based on established precedent. *Id.* The Court therefore finds that further amendment would be futile and declines to allow Myers leave to amend. *See Hightower v. Godinez*, 524 F. App'x. 294, 296 (7th Cir. 2013) (unpublished) ("[A] district court does not abuse its discretion by declining to permit futile amendments."). Accordingly, this action is **dismissed**, and Myers' Motions for Extension of Time are necessarily **denied as moot**.

## II. CONCLUSION

For the reasons stated above, Myers' motion to proceed *in forma pauperis* (Dkt. 7) is **GRANTED**, this action is **DISMISSED for lack of jurisdiction**, *see* 28 U.S.C. § 1915(e)(2)(B), and Myers' Motions for Extension of Time to Issue Summons (Dkts. 8, 9, 10) are **DENIED as moot**. Final judgment consistent with this Entry will be issued under separate order.

**SO ORDERED**.

Date: 1/14/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

THOMAS A. MYERS
2013 Lazycreek
Muncie, IN 47302